UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**CIVIL ACTION NO. 08-621-JBC**

**THOMAS W. FRENTZ,**
**Trustee for Cynthia Rogers**                                                    **PLAINTIFF,**

V.                              **MEMORANDUM OPINION AND ORDER**

**CITY OF ELIZABETHTOWN, ET AL.,**                                           **DEFENDANTS.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court upon the motion to dismiss filed by defendants City of Elizabethtown and David Willmoth, Jr. (R. 6).  The court, having reviewed the record and being otherwise sufficiently advised, will deny the motion.

**I.      Background**

Cynthia Rogers worked as a clerk for the City of Elizabethtown for approximately seventeen years before her termination on November 27, 2008.  Defendant David Willmoth is, and was at all times relevant to the instant motion, the mayor of the City of Elizabethtown.  Rogers alleges that her supervisor, William Owen, sexually harassed her.  Rogers further alleges that on November 27, 2008, she met with Willmoth in order to discuss her supervisor's behavior.  According to Rogers, as soon as she stated, "I need to talk to you about [my supervisor]," Willmoth "informed Ms. Rogers that Owen's behavior did not matter because she was terminated.  The stated reason for termination was absenteeism for use of

personal days." Am. Compl. ¶ 13.[1]

Thomas W. Frentz, trustee for Rogers, brings the present action against the City of Elizabethtown, and David Willmoth and William Owen, in both their individual and official capacities. The plaintiff requests relief under 42 U.S.C. § 1983 and the Kentucky Civil Rights Act for violations of Rogers's civil rights.

**II.     Legal Standard**

The defendants' motion is made under Federal Rule of Civil Procedure 12(b)(6). Federal Rule of Civil Procedure 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). In order to avoid dismissal under Rule 12(b)(6), a plaintiff must provide the grounds for his entitlement to relief. He need not provide "a heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974. When ruling on a defendant's motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. *Erickson v. Pardus*, --- U.S.

---

[1] Defendants reference the plaintiff's complaint in their motion, although the plaintiff's amended complaint was filed on December 31, 2008, before the defendants filed their motion on January 5, 2009. Neither party argues that the defendants' reliance on the complaint, rather than the amended complaint, affects the substance of their motion. The main difference between the two pleadings is that the action is now brought by Cynthia Rogers's trustee, Thomas Frentz, rather than by Rogers herself. The court will refer to the amended complaint.

----, 127 S.Ct. 2197, 2200 (2007) (citation omitted). Dismissal is warranted only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Benzon v. Morgan Stanley Distrib., Inc.*, 420 F.3d 598, 605 (6th Cir.2005) (citation omitted).

### III.   Analysis

The defendants[2] request that the court dismiss claims made by the plaintiff against defendant David Willmoth in his individual capacity. The defendants argue that dismissal of these claims is appropriate because none of the wrongful acts the plaintiff alleges against Willmoth were committed in his individual capacity. The defendants seek dismissal of all claims brought against Willmoth, but their argument and citations refer only to federal law, 42 U.S.C. § 1983.[3] Guided by the defendants' argument, the court will consider only dismissal of the plaintiff's section 1983 claims.

Individual-capacity suits "seek to impose personal liability on a government

---

[2] A third defendant, William Owen, was named in this matter. He did not join in the instant motion.

[3] From the court's reading of the amended complaint, however, it appears that plaintiff has brought claims against Willmoth under both federal law (42. U.S.C. 1983) and state law (Kentucky Civil Rights Act). *See* Am. Compl., ¶¶ 15-22 (seeking relief under section 1983 for violation of plaintiff's freedom of speech); ¶ 41 (alleging violation of Kentucky Civil Rights Act, KRS 344.040, because Willmoth knew or should have known of the sexual harassment); ¶¶ 43-47 (alleging violation of Kentucky Civil Rights Act, KRS 344.280, due to taking adverse employment action against plaintiff after she engaged in protected activity).

official for actions taken under color of state law." *Kentucky v. Graham*, 473 U.S. 159 (1985). "To state a colorable claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal constitution or laws by a person acting under color of state law." *King v. Ohio*, No. 05-966, 2006 WL 2707964, at *3 (S.D. Ohio Sept. 15, 2005) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988), *Street v. Corr. Corp of Am.*, 102 F.3d 810, 814 (6th Cir. 1996)). "On the merits, to establish *personal* liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right." *Kentucky*, 473 U.S. at 166.

A public official may be held personally liable for actions taken "on the job," pursuant to his official authority. *See Hafer v. Melo*, 502 U.S. 21. 27-28 (1991) (rejecting argument that "state officials may not be held liable in their personal capacity for actions they take in their official capacity"). Therefore, in order to sufficiently state a claim against an official in his individual capacity, it is not necessary for the plaintiff to allege actions that the official took in an "individual capacity." *See generally Chaudhuri v. State of Tenn.*, 767 F.Supp. 860, 864-65 (M.D. Tenn. 1991) (noting that "[e]ven if the defendants' actions were wholly 'official,' the plaintiff still may seek compensation from them individually for allegedly violating his rights under color of state law," as "[t]he mere fact that their allegedly unconstitutional actions were conducted 'on the job' does not automatically shield them from personal liability"). Plaintiff's complaint references

4

actions taken by Willmoth.  *See* Complaint ¶¶ 15-22. That the acts the plaintiff alleges were wrongful were all taken by Willmoth pursuant to his authority as the mayor of the City of Elizabethtown does not defeat the plaintiff's claims.[4]  The defendants' argument therefore fails.

IV.   **Conclusion**

Accordingly, **IT IS ORDERED** that the plaintiff's motion to dismiss (R. 6) is **DENIED**.

Signed on  February 16, 2009

Jennifer B. Coffman, Judge
United States District Court

---

[4] Defendants cite two cases from other circuits, *Rini v. Zwirn*, 886 F.Supp. 270 (E.D.N.Y. 1995), and *Walker v. Rowe*, 791 F.2d 507 (7th Cir. 1986), to support their argument that the plaintiff's complaint fails to meet the required legal standard for individual-capacity claims brought under section 1983.  Neither case is persuasive.  *See Rini*, 886 F. Supp. at 282-83 (dismissing section 1983 claims brought against town board members in their individual capacities because all allegedly wrongful acts taken by the defendants were within the scope of their legislative authority and they enjoyed legislative immunity for such acts); *Walker*, 791 F.2d at 508-09 (dismissing section 1983 claims against prison director and assistant warden because the claims "ha[d] to do with the prison system as a whole," and plaintiff did not allege that the individual defendants themselves committed any wrongful acts).